IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOORISH SCIENCE TEMPLE
OF AMERICA, EX REL. and
AARON HUNTER EL, also
known as Aaron D. Hunter,  ORDER

      Petitioners,         20-cv-86-bbc

v.

UNITED STATES,

      Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Aaron Hunter El has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 and several related filings entitled "motion for summary judgment," "legal notice" and "federal question jurisdiction. Dkt. ##1, 4-5 and 8-9. Petitioner is currently serving a federal sentence after pleading guilty to one count of distribution of a controlled substance. United States v. Hunter, Amd. Judg. Conviction, dkt. #114, No. 04-cr-79-bbc (W.D. Wis. Apr. 10, 2019). He states that the Moorish Science Temple of America demands the immediate release of the "body of Aaron Hunter El" (who is allegedly separate and distinct from Aaron Hunter) from the Unites States Penitentiary, Hazelton in West Virginia because he is "religious property." Petitioner argues that he is being held illegally because the Moorish Science Temple of America "vests" him with "absolute indemnification (immunity)" and he is not subject to the jurisdiction of the United States because he is a "foreign sovereign."

  Petitioner's arguments are similar to "sovereign citizen" theories that have been

1

rejected repeatedly by the courts as frivolous and a waste of court resources.  E.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (stating that sovereign citizen-type theories should be "rejected summarily" because "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); United States v. Toader, 409 Fed. App'x 9, 13 (7th Cir. 2010) (rejecting challenge to district court's jurisdiction by defendant asserting that he was Moorish national).  Because such patently frivolous arguments do not support any claim that petitioner is "in custody in violation of the Constitution or law or treaties of the United States," 28 U.S.C. § 2241, the petition will be denied without further analysis.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Because petitioner has not made a substantial showing of a denial of a constitutional right, no certificate will issue.

ORDER

IT IS ORDERED that petitioner Aaron D. Hunter El's petition for a writ of habeas

corpus under 28 U.S.C. § 2241 and related filings, dkt. ##1, 4-5 and 8-9, are DENIED and this case is DISMISSED. No certificate of appealability will issue.

Entered this 20th day of April, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge